UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| NEW JERSEY SPINE AND ORTHOPEDICS, LLC, | Civil Action No.: 17-11609 |
|---|---|
| Plaintiff, | OPINION |
| v. | |
| SCHWAN COSMETICS USA, INC., *et al.*, | |
| Defendant. | |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on the motion of Defendant Schwan Cosmetics USA, Inc. ("Defendant") to dismiss Plaintiff New Jersey Spine and Orthopedics' ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 6 ("Motion")). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's motion to dismiss is granted.

## II.    BACKGROUND

Plaintiff contends that on or about December 30, 2015, it performed "certain reasonable, medically necessary, and valuable surgical services" on J.B., ("Patient"), who is insured by Defendant. (ECF No. 1-1 ("Compl.") ¶¶ 3, 5). Plaintiff asserts that "[Patient] duly assigned all his rights, interests and benefits under the aforementioned welfare benefits plan to Plaintiff by way of a duly executed assignment of benefits . . . ." (*Id.* ¶ 6). Plaintiff further contends it "complied with all of Defendants' administrative requirements and duly submitted all medical bills and appeals to Defendant(s) and/or their designated third party administrator." (*Id.* ¶ 7). Plaintiff alleges that "Defendant(s) . . . have failed to comply with the terms and provisions of

[Patient's] plan by failing to pay and/or properly reimburse Plaintiff ... in the amount(s) of $176,662.38. (*Id.* ¶ 8).

On September 11, 2017, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey Law Division: Essex County, alleging failure to make all payments pursuant to a member's plan under ERISA, 29 U.S.C. § 1132(a)(1)(B). (*Id.* ¶ 9). Plaintiff purports that it has been underpaid in the amount of $176,662.38, and additionally seeks "interest, statutory attorneys' fees, costs of suit, and [ ] such further relief as this Court may deem just and proper." (*Id.* at 9). On November 14, 2017, Defendant removed this matter to federal court, and now moves to dismiss Plaintiff's complaint. (ECF No. 6).

### III. <u>LEGAL STANDARD</u>

"Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction." *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-13654, 2018 WL 1757027, at *1 (D.N.J. Apr. 12, 2018), appeal filed, No. 18-1921 (3d Cir. Apr. 25, 2018). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015). "However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is 'properly filed under Rule 12(b)(6).' " *Univ. Spine Ctr.*, 2018 WL 1757027, at *1 (quoting *N. Jersey Brain*, 801 F.3d at 371 n.3). "Regardless, 'a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6).' " Id. (quoting *N. Jersey Brain*, 801 F.3d at 371 n.3).

"On a motion to dismiss for lack of standing, the plaintiff 'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as

any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.' " *Id.* (quoting *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996)). "For the purpose of determining standing, [the Court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003).

## IV. DISCUSSION

"Under § 502(a) of ERISA, 'a participant or beneficiary' may bring a civil action to, *inter alia*, 'recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Univ. Spine Ctr.*, 2018 WL 1757027, at *2 (quoting 29 U.S.C. § 1132(a)). "Accordingly, standing to sue under ERISA is 'limited to participants and beneficiaries.'" *Id.* (quoting *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400-01 (3d Cir. 2004)). "As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider." *Id.* "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N. Jersey Brain*, 801 F.3d at 372.

Consequently, the question at issue in this matter is whether Patient executed a valid assignment of benefits consistent with the provisions of Patient's insurance policy. Defendant contends that any assignment of benefits is void because Patient's insurance policy "contains a clear, unambiguous anti-assignment provision" that expressly "bar[red] the assignment of any

3

rights to Plaintiff." (Motion at 1). There appears to be no dispute that Patient's insurance policy's anti-assignment provision reads: "All coverage may be assigned only with the written consent of Aetna. To the extent allowed by law, Aetna will not accept an assignment to an out-of-network provider . . . ." (ECF No. 6-3 at 83).[1]

In a recent Third Circuit decision, the court held that it "now join[s] th[e] consensus and hold[s] that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, No. 17-1663, 2018 WL 2224394, at *6 (3d Cir. May 16, 2018). In fact, "a majority of circuits, as well as courts in the Third Circuit, have given effect to anti-assignment provisions such as the one in this case and denied standing." *Univ. Spine Ctr.*, 2018 WL 1757027, at *3 (citing cases). Thus, in accordance with the decisions from this District, the Court finds that "a clear and unambiguous anti-assignment clause is enforceable against Plaintiff and will void any purported assignment of Patient's rights or benefits." *Univ. Spine Ctr.*, 2018 WL 1757027, at *3.

Notwithstanding the foregoing, Plaintiff avers that Defendant's "direct and purposeful dealings with Plaintiff" provides Plaintiff with standing to bring this action. (ECF No. 8 at 10).[2]

---

[1] Plaintiff does not include a copy of Patient's insurance policy as an attachment to its complaint. On a motion to dismiss, however, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Plaintiff's complaint explicitly relies on Patient's insurance policy. (ECF No. 1-1). As such, the Court will properly consider Patient's insurance policy with Defendant's motion to dismiss.

[2] The Court acknowledges Defendant's argument that this issue raises new facts not contained in the Complaint. (ECF No. 9 at 1 FN 1 (citing *Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 564, 573 (D.N.J. 2010) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal quotation omitted))). Nonetheless, Plaintiff asserts in its Complaint that "Plaintiff . . . duly submitted all medical bills and appeals to

Plaintiff argues that to the extent there was any direct payment to Plaintiff or engagement in the claims review process, Defendant waived the anti-assignment provision. The Court disagrees. In *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Insurance Company*, a court in this District found that "various courts have rejected the argument that payment to a provider directly amounts to waiver of an anti-assignment provision, where the plan at issue authorizes direct payment to providers." No. 17-4600, 2018 WL 1420496, at *6 (D.N.J. Mar. 22, 2018) (citing cases); *see also Am. Orthopedic & Sports Med.*, 2018 WL 2224394, at *6 (citing cases); *Ctr. for Orthopedics & Sports Med. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 16-8876, 2018 WL 1440325, at *4 (D.N.J. Mar. 22, 2018). Furthermore, in *Arash Emami, MD, PC v. Quinteles IMS*, a court in this District found that "it is now well-settled law in the District of New Jersey that [a] [p]lan d[oes] not waive [an] [a]nti–[as]signmnent [c]lause by dealing directly with the [m]edical [p]rovider in the claim review process." No. 17-3069, 2017 WL 4220329, at *3 D.N.J. Sep. 21, 2017) (citing cases). "Here, the Court cannot discern any reason to depart from . . . [the] authorities holding that direct payment to a provider does not amount to waiver of an anti-assignment provision, where such payment is authorized under the plan at issue," *Atl. Plastic*, 2018 WL 1420496, at *6. Accordingly, the Court finds Plaintiff's argument without merit.

Finally, the Court rejects Plaintiff's contention that "Defendant's anti-assignment clause violates the intent of Congress with regard to ERISA." (ECF No. 8 at 11-14). As discussed previously, the Third Circuit recently held "that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic & Sports Med.*, 2018 WL 2224394, at *6. Plaintiff offers no meaningful argument justifying a departure from

---

Defendant(s)" (Compl. ¶ 7). Insofar as such relates to the issue of "direct and purposeful dealings with Plaintiff," the Court will address the matter herein.

5

this holding. Moreover, this Court and others in this District have specifically rejected similar public policy arguments as those offered by Plaintiff. *See Kaul v. Horizon Blue Cross Blue Shield*, No. 15-8268, 2016 WL 40719536, at *3 (D.N.J. July, 29, 2016) (finding "no basis in 'federal public policy' to invalidate the . . . anti-assignment provisions" at issue); *Advanced Orthopedics and Sports Medicine v. Blue Cross Blue Shield of Massachusetts*, No. 14-7280, 2015 WL 4430488, at *5 (D.N.J. July 20, 2017).

V.  **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is granted. To the extent the pleading deficiencies identified by the Court can be cured by way of amendment, Plaintiff is granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

DATED: July 20, 2018

_____
CLAIRE C. CECCHI, U.S.D.J.